UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY HIRSCHY

        CASE NO.: 8:11-CV-02385(SCB)(TBM)

    Plaintiffs,

v.

NYT MANAGEMENT SERVICES, INC.,

    Defendants.
_____/

**DEFENDANT NYT MANAGEMENT SERVICES, INC. ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, NYT Management Services, Inc., ("Defendant" or "NYT"), states the following to and in defense of the allegations of the Plaintiff Gary Hirschy's ("Plaintiff") Complaint ("Complaint"):

1. Denies each and every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring a lawsuit to recover unpaid wages, compensation and damages.

2. Admits each and every allegation contained in Paragraph 2 of the Complaint.

3. Denies each and every allegation contained in Paragraph 3 of the Complaint, except avers that venue is proper in this Court.

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5. Denies each and every allegation contained in Paragraph 5 of the Complaint, except avers that Plaintiff was employed by the Sarasota Herald-Tribune, a Division of NYT

       Management Services, Inc., from January 31, 2005 through April 28, 2011, a corporation which conducts business in Sarasota Florida.

6. Portions of Paragraph 6 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 6 of the Complaint, except avers that the Sarasota Herald-Tribune, a Division of NYT Management Services, Inc., is engaged in commerce.

7. Denies each and every allegation contained in Paragraph 7 of the Complaint, except avers that the Sarasota Herald-Tribune, a Division of NYT Management Services, Inc., has revenues in excess of $500,000.00 per annum.

8. Portions of Paragraph 8 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 8 of the Complaint, except avers that Plaintiff's employer was the Sarasota Herald-Tribune, a Division of NYT Management Services, Inc.

9. Portions of Paragraph 9 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required; Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

**AS TO "COUNT I:  FLSA RECOVERY OF OVERTIME WAGES"**

10. Defendant repeats and realleges its answers to Paragraphs 1-9 above as if set forth in full in response to Paragraph 10 of the Complaint.

11. Denies each and every allegation contained in Paragraph 11 of the Complaint except avers that Plaintiff worked for the Sarasota Herald-Tribune, a Division of NYT Management Services, Inc. from January 31, 2005 through April 28, 2011.

12. Denies each and every allegation contained in Paragraph 12 of the Complaint, except avers that Plaintiff was a Single Copy District Sales Manager for the Sarasota Herald-Tribune, a Division of NYT Management Services, Inc., from January 31, 2005 through April 28, 2011.

13. Denies each and every allegation contained in Paragraph 13 of the Complaint, except admits that as part of Plaintiff's job duties he managed districts and independent contractors and oversaw stores and racks.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint.

### AS TO "COUNT II:  FLSA RECOVERY OF OVERTIME WAGES FOR COLLECTIVE ACTION COUNT"

19. Defendant repeats and realleges its answers to Paragraphs 1-18 above as if set forth in full in response to Paragraph 19 of the Complaint.

20. Denies each and every allegation contained in Paragraph 20 of the Complaint except avers that Plaintiff worked for the Sarasota Herald-Tribune, a Division of NYT Management Services, Inc. from January 31, 2005 through April 28, 2011.

21. Denies each and every allegation contained in Paragraph 21 of the Complaint, except avers that Plaintiff was a Single Copy District Sales Manager for the Sarasota Herald-Tribune, a Division of NYT Management Services, Inc., from January 31, 2005 through April 28, 2011.

22. Denies each and every allegation contained in Paragraph 22 of the Complaint, except admits that as part of Plaintiff's job duties he managed districts and independent contractors and oversaw stores and racks.

23. Denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Denies each and every allegation contained in Paragraph 25 of the Complaint. To the extent a response is required; Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint because Plaintiff does not identify the employees to whom he is referring.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred, in whole or in part, because he fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. If Defendant is found to have failed to pay Plaintiff, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the FLSA wage and hour laws and has not engaged in any willful violation of the FLSA pursuant to 29 U.S.C. §260.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by the equitable doctrines of unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Defendant is entitled to a set-off as a result of any payments which were made to the Plaintiff as to which the Plaintiff was not entitled.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Pursuant to 29 U.S.C. §213(a)(1), Plaintiff's claims are barred, in whole or in part.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claim for damages are barred by accord and satisfaction in that Plaintiff has already received full payment of all monies due.

WHEREFORE, Defendant respectfully prays that the Court:

dismiss Plaintiff's Complaint in its entirety, with prejudice;

deny each demand and prayer for relief;

award Defendant's costs and reasonable attorneys' fees; and

grant such other and further relief as the Court deems just and proper.

Dated: November 22, 2011.

    s/ Allan H. Weitzman
    Allan H. Weitzman
    Florida Bar No. 0045860
    PROSKAUER ROSE LLP
    2255 Glades Road, Suite 421 Atrium
    Boca Raton, Florida 33431-7360
    Telephone: (561) 241-7400
    Facsimile: (561) 241-7145
    aweitzman@proskauer.com
    *Attorneys for Defendant*

    -and-

    s/ Gregory I. Rasin
    Gregory I. Rasin
    Brian J. Gershengorn
    PROSKAUER ROSE LLP
    Eleven Times Square
    New York, NY 10036-8299
    Telephone: (212) 969-3000
    Facsimile: (212) 969-2900
    grasin@proskauer.com
    bgershengorn@proskauer.com
    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on November 22, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                           s/Allan H. Weitzman
                                           Allan H. Weitzman, Esq.
                                           Florida Bar No. 0045860
                                           PROSKAUER ROSE LLP
                                           2255 Glades Road, 421 Atrium
                                           Boca Raton, FL  33431
                                           Telephone: (561) 241-7400
                                           Facsimile:  (561) 241-7145
                                           aweitzman@proskauer.com
                                           *Attorneys for Defendant*

## **SERVICE LIST**

Todd W. Shulby, P.A.
tshulby@shulbylaw.com
4705 S.W. 148th Avenue, Suite 102
Davie, Florida 33330-2417
Telephone:     (954) 530-2236
Facsimile:     (954) 530-6628
[via CM/ECF]